## The People of the State of Illinois, ex rel. C. T. Biddison, Appellant, v. The Board of Education of Paris Union School District, Appellee.

1. SCHOOLS—*what powers conferred upon board of education by special act.* While a board of education acquires all its powers from the special act which creates it, if such powers are not defined by such act and the board is given all powers conferred by the general law pertaining to schools upon like boards etc., such general law must be examined to ascertain the extent of the powers conferred.

2. SCHOOLS—*power to enlarge boundaries.* *Held*, that the special act under consideration in this opinion which created a school district did not prohibit the enlargement of the boundaries thereof but left the question of taking additional territory to the provisions of' the general school laws of the state.

Quo warranto. Appeal from the Circuit Court of Edgar county; the HON. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. *Certiorari* denied by Supreme Court (making opinion final).

EDITOR'S NOTE: Since this opinion was printed we have been informed by Mr. Presiding Justice Philbrick that this cause was transferred to the Supreme Court for want of jurisdiction in the Appellate Court.

R. S. DYAS, W. H. CLINTON and HARVEY GROSS, for appellant.

H. S. TANNER and J. E. DYAS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Upon leave of the court granted, the State's Attorney of Edgar County filed an information, upon the relation of C. T. Biddison, in the nature of a *quo warranto,* setting forth that the defendant, Board of Education of the Paris Union School District, was unlawfully usurping and exercising the powers of school directors over the north half of the southwest quarter and the north half of the southeast quarter of section twelve, township thirteen, north, range twelve, west of the second P. M. To this information defendants pleaded the organization of the Paris Union School District by the special act of the legislature passed and in force April 15, 1869, that by virtue of that act the district was organized out of certain territory, described therein, which included parts of school townships number thirteen and fourteen, north, range twelve, west of the second P. M. and parts of school townships numbered thirteen and fourteen, north, range eleven, west of the second P. M., and that by virtue of said act the Board of Education was given full and complete authority over the schools of said district, and that in addition to giving them powers of a board of education, as conferred by the statute relating to public schools, they were clothed with and empowered to perform all of the acts of school trustees over the territory contained in said district, and that the rights and powers of the school trustees of the various townships from which the territory was respectively taken, were deprived of exercising any power as school trustees over said territory; that a petition was filed by two-thirds of the legal voters of the territory comprising the north half of the southwest quarter and the north half of the southeast quarter of said section twelve, town thirteen, north, range twelve, west of the second P. M.; that said petition

was filed with defendants, as trustees of schools, requesting the annexation of that territory to the Paris Union School District, and also with the school trustees of township thirteen, north, range twelve, from which said territory was proposed to be taken, and that defendants at their regular meeting on the sixth of April, 1908, acting as school trustees over said territory, granted the prayer of said petition, and that the prayer of said petition was also granted by the trustees of schools of township thirteen, north, range twelve, at their regular meeting, held in said township thirteen, north, range twelve, on the sixth day of April, 1908. A demurrer was filed to this plea by the people, the demurrer was overruled by the court, and relator electing to stand by his demurrer, judgment was rendered thereon, the writ quashed and the information dismissed at the costs of the relator.

As a cause for reversal of the judgment appellant insists that the special act which created the Paris Union School District also created a school township co-extensive with the territory of the district, also that the special act does not authorize or empower the change of the boundaries of the district by the addition of territory thereto, also that if this special act only created a school district, that district is in parts of four separate school townships and before the district could be enlarged it was necessary to file a petition with the trustees of schools of each of these four townships, and that it was necessary that the petition be acted upon separately by the trustees of each of these four townships.

If the special act created a school district, and conferred upon the Board of Education of the school district not only the powers of a board of education but also the additional powers of school trustees over the territory of which this district is composed, then the boundaries of the district may be enlarged if authority

to enlarge its boundaries is given to the proper officers by the special act under which the district was created.

The title of the special act creating this district is as follows: "An Act to form and establish the Paris Union School District."

Section 1 provides: "That all that district of country embraced within the following boundaries, to-wit: (Here follows a description of the land embraced therein) is ordered to be made and constituted a permanent *school district* by the name of the Paris Union School District, and no territory shall be taken therefrom except by act of the legislature."

Section 2 names the members of the first board of education and gives them the exclusive management and control of the district, creating them a body corporate and politic, with all of the authority with which a corporation of that character is clothed, *gives them all of the authority and powers of a board of education under the general school laws.*

Section 6 provides that all of the school lands, school funds and property belonging to the various townships out of which this district was created, held and owned for school purposes, should be divided between the Paris Union School District and the portions of the townships not contained in said district, in proportion to the number of persons under twenty-one years of age, etc.

Section 10 is as follows:

"The said board, in addition to the powers now given by law to school directors and the powers herein granted, shall possess all the powers and privileges of trustees of townships, for school purposes, and shall be recognized and regarded by the county superintendent of schools, county clerk and all other officers of this state as possessing all the powers, privileges and rights of trustees of congressional townships of this state, and are hereby required to perform for said district all the duties of such trustees as well as those

of directors, not inconsistent with this act.''

This special act does not attempt in any manner to enumerate or define any specific powers conferred upon the Board of Education, either as a board of education or as trustees of schools, but section 2 provides that as a board of education they shall have all the powers then possessed by boards of education under the school laws of this state. Section 10 provides that in addition to the powers given by the general laws to school directors and in addition to the powers granted by this act, they shall possess all the powers of trustees of townships for school purposes. This section does not attempt to define what these powers or privileges shall be, but also leaves the general school law to determine them. Section 10, therefore, clothed the Board of Education of this district with all the powers and authority of school trustees of the state, except the power to diminish the district, which power they were deprived of by section 1 of this special act.

Relator contends that this Board of Education had no powers except those given to it by the special act, under the rule that municipal corporations have no powers except those conferred by the act under which they are created. While it must be conceded that a municipal corporation has no power and can perform no acts not authorized by the legislature, this special act does not attempt to specifically name or define any powers conferred on this Board, either as a board of education or as school trustees, but leaves those powers to be determined by the general school law of the state. Under sections 45, 46 and 47 relating to public schools, provision is made for the change of the boundaries of districts which lie either wholly in one township or in separate townships; and the legislature by leaving the powers of the board of education and of the trustees of schools over this territory to be determined by the general law of the state, thereby gave to it all

the powers given a board of education or to trustees of schools conferred by the general school laws except in so far as those powers have been restricted by the special act, and the only restriction placed thereon was the provision that no territory should ever be taken from this school district. If the effect of the special act creating this district is as contended by appellant, and that no authority is given to change the boundaries of this district and that no powers were created except those specifically enumerated in this special act, then it was unnecessary for the legislature to have provided that no territory should ever be taken from the district, and by providing that the district should not be diminished it is evident that the legislature contemplated that the general school laws relating to change of boundaries of school districts should be applicable to this district except wherein such powers are restricted by the act.

Even if it be conceded that the act of the legislature did in effect create a new township, the addition of the disputed territory to the Paris Union School District does not change or affect the boundaries of the school township so created.

Section 47 of chapter 122 provides for the change of the boundaries of the district where they lie in separate townships and it is not necessary under the general school law that a school district shall lie wholly within one township. Where a district lies in separate townships, section 48 of chapter 122 makes provision for the management and distribution of the funds of the separate townships in which the district lies.

The special act creating this school district does not purport to create a school township; it does not designate by name or number any township, or designate how the township shall be known, but gives to the Board of Education of the district all the powers, rights, and privileges of the trustees of schools, and de-

prives the trustees of schools of the four townships out of which this territory was taken of all authority over this territory as school trustees. By virtue of this act the Board of Education of this school district, acting as school trustees over the original territory composing the district, was the proper body with which the petition for the annexation of this territory should be filed, and the trustees of schools of the respective townships out of which this territory was created, except the township from which the territory, added to the Paris Union School District, was taken, were deprived of any authority or right to pass upon the question of the annexation of additional territory to the Paris Union School District. It was, therefore, only necessary to file the petition with the Board of Education, acting as school trustees of the Paris Union School District, and with the trustees of school township number thirteen, north, range twelve, west of the second P. M., from which township the territory proposed to be annexed was taken.

In our opinion, the special act did not, by reason of conferring on the Board of Education of the district the additional powers of trustees of schools over the territory of which the school district was originally composed, create a school district the boundaries of which could not be enlarged; but left the question of adding additional territory to the district to the provisions of the general school laws of the state.

The plea properly alleges that the trustees of the township from which the territory was taken and the Board of Education of the Paris Union School District, acting as township trustees over the territory composing the Paris Union School District, have acted in strict conformity with the law regarding the taking of territory from one school district and annexing it to another, and this law having been fully complied with and all the steps necessary therefor having been

set forth in the plea filed by defendants, the court properly overruled the demurrer to the plea, and upon relator electing to stand by his demurrer, rendered proper judgment thereon, quashing the writ and dismissing the petition at relator's costs, and that judgment is affirmed.

*Affirmed.*